UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No.: 18-cv-25137-MATTHEWMAN

RONALD SILIAKUS,

    Plaintiff,

vs.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE,

    Defendant.
_____/

FILED BY ____KJZ____ D.C.

Jan 25, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER [DE 55]

**THIS CAUSE** is before the Court upon Defendant, Carnival Corporation d/b/a Carnival Cruise Line's ("Defendant") Motion for Protective Order ("Motion") [DE 55]. Plaintiff, Ronald Siliakus ("Plaintiff"), has filed a response [DE 57], and Defendant has filed a reply [DE 58] and a notice [DE 59]. This matter is ripe for review.

    I.    MOTION, RESPONSE, AND REPLY

In the Motion, Defendant contends that two areas of inquiry listed in the 30(b)(6) deposition notice for Defendant's medical representative—areas of inquiry nos. 66 and 67—are untimely, irrelevant, overbroad, and not proportional to the needs of this case. [DE 55 at 1]. Defendant requests that the Court grant the Motion to "prevent any further discovery or questioning into 30(b)(6) areas of inquiry 66 and 67, and any further relief that this Court deems just and proper." *Id.* at 5.

1

In response, Plaintiff claims that the Motion is disingenuous and untimely and that Defendant is "well aware that one of the purposes of the disputed discovery is to rebut CARNIVAL's fabricated defense that Mr. Siliakus was intoxicated at the time of his incident." [DE 57 at 1]. Plaintiff asserts that he needs information about Defendant's policies for determining whether a passenger at the infirmary is intoxicated to establish that those policies exist and that they are enforced. *Id.* at 2. Plaintiff also points out that, in his February 13, 2020 Third Request for Production, he requested "all policies, guidelines, rules, regulations, and/or SMS provisions regarding the documentation/recording/reporting of injuries and the treatment of injuries by the medical department, nurses and/or doctors." *Id.* at 3. In response, Defendant stated that it was "still searching to locate information, if any, that is responsive to this request and will supplement this response forthwith." *Id.* Plaintiff also points out that one of Defendant's corporate representatives acknowledged at her deposition that the "knowledge and observations of the medical staff" is relevant. *Id.* Plaintiff describes his past efforts to obtain the documents at issue and also describes the documents that Defendant has not yet produced. *Id.* at 3-7. Finally, he argues that diagnostic procedures that were undertaken on him on the cruise ship are still relevant even though Plaintiff is not suing Defendant for negligent medical treatment. *Id.* at 7.

In reply, Defendant explains that it previously produced policies related to disembarkation of passengers and the documents created. [DE 58 at 2]. It argues that areas of inquiry nos. 66 and 67, however, "are grossly general in nature regarding medical policies on Carnival's ships. They are areas of inquiry that could have been included in earlier versions of the 30(b)(6) deposition notice and were not." *Id.* Defendant also disputes Plaintiff's argument that there has been an agreement to produce wholesale Defendant's medical policies. *Id.* Defendant asserts that Plaintiff

2

should have deposed the physician that treated him on the ship since Defendant "does not make corporate decisions regarding the medical treatment of passengers and leaves it to the trained medical personnel on its ships." *Id.* at 3. Defendant further asserts that a "non-objection to state court discovery does not equate to an agreement to produce documents." *Id.*

## II.    APPLICABLE LAW

Federal Rule of Civil Procedure 26(c) provides that a court "for good cause shown ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26. "While Rule 26(c) articulates a single standard for ruling on a protective order motion, that of 'good cause,' the federal courts have superimposed a somewhat more demanding balancing of interests approach under the Rule." *Farnsworth v. Center for Disease Control*, 758 F.2d 1545, 1547 (11th Cir. 1985) (citations omitted). In evaluating whether a party has satisfied the burden of "good cause," "a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the [discovery]." *Barrata v. Homeland Housewares, LLC*, 242 F.R.D. 641, 642 (S.D. Fla. 2007) (citing *Farnsworth*, 758 F.2d at 1547). "Generally, a party moving for a protective order must make a specific demonstration of facts in support of the request, as well as of the harm that will result without a protective order." *Fargeon v. Am. Nat'l Prop. & Cas. Co.*, No. 08-60037-CIV, 2008 WL 11332027, at *4 (S.D. Fla. July 8, 2008) (citing *Dunford v. Rolly Marine Service, Co.*, 233 F.R.D. 635, 636 (S.D. Fla. 2005)).

## III.    ANALYSIS

As an initial matter, the Court rejects Defendant's assertion that the two new areas of inquiry are untimely. Plaintiff noticed the two areas of inquiry prior to the fact discovery cutoff

and after the parties had already agreed that Defendant would provide an additional corporate representative to speak about medical issues for deposition. Moreover, in reviewing Plaintiff's response, it seems clear to the Court that Defendant had some indication that Plaintiff was interested in the type of information currently being requested based on prior discovery requests Plaintiff made and discussions between the parties. Finally, there is no real prejudice to Defendant caused by the addition of two areas of inquiry.

Next, the Court has carefully considered the relevant law, the Motion, response, and reply, and the attachments thereto, as well the entire docket in this case. The areas of inquiry at issue are as follows:

> 66. Steps taken and documents created when receiving and treating an injured passenger, including the policies, guidelines, rules, regulations, and/or SMS provisions regarding the documentation/recording/reporting of injuries and the treatment of injuries by the medical department, nurses and/or doctors, the creation of injury logs, why it took the physician an hour to arrive in the infirmary, the number/names of doctors on the Magic at the time of injury, creation of injury logs, creation and maintenance of Guest /Crew Daily Log for Non Reportable Injury, notifications from Medical Department to other areas/departments of the company.
>
> 67. Medical treatment administered to Mr. Siliakus including diagnostic testing and records created.

The issue for this Court to decide is whether, pursuant to Fed.R.Civ.P. 26(b)(1), these two areas of inquiry which relate to medical treatment of Plaintiff while onboard Defendant's cruise ship are relevant and proportional to the allegations in the First Amended Complaint [DE 23] that Defendant was negligent in maintaining the stairs and in the design of the stairs and that Defendant negligently selected a hospital in the Dominican Republic for Plaintiff's medical treatment/surgery resulting in poor medical treatment.

With regard to area of inquiry no. 66, the Court finds that, pursuant to Federal Rule of Civil Procedure 26(b)(1), the area is overbroad and seeks irrelevant and disproportionate information. Instead, only a) policies related to determining whether passengers are intoxicated, and b) policies related to selecting medical facilities for passengers, are relevant and proportional to the claims and defenses in this case. Therefore, Plaintiff shall be permitted to depose Defendant's corporate representative regarding these limited areas specified in this paragraph and the corporate representative should concurrently produce non-privileged documents concerning these limited areas.[1]

With regard to area of inquiry no. 67, the Court does find that medical treatment administered to Plaintiff including diagnostic testing and records created is arguably relevant to his claim regarding negligent selection of a medical facility. Therefore, Plaintiff shall be permitted to depose the corporate representative about topic no. 67, and Defendant shall be required to produce responsive documents. While the Court does find that the information sought is relevant and proportional, the Court is not making any finding about admissibility. Defendant is free to file a motion in limine is it has a good-faith basis to do so at a later date.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Defendant, Carnival Corporation d/b/a Carnival Cruise Line's ("Defendant") Motion for Protective Order [DE 55] is **GRANTED IN PART AND DENIED IN PART**, as

---

[1] The Court does not find that Defendant waived all objections to producing "[a]ll policies, guidelines, rules, regulations, and/or SMS provisions regarding the documentation/recording/reporting of injuries and the treatment of injuries by the medical department, nurses and/or doctors" as Plaintiff's discovery requests were made when this case was in state court. Furthermore, this is an overbroad request that seeks documents that are neither discoverable nor admissible.

specified above.

2. The deposition of Defendant's corporate representative shall be conducted on or before **February 8, 2022**. If the parties are unable to agree on a date and time for the deposition, they shall notify the court by filing a motion, and the Court will unilaterally pick a date and time, which may fall on a weekend or holiday.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 25th day of January, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge